UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FLORENCE R. PARKER, | : | CIVIL NO. **3:09-CV-00490** |
| Plaintiff | : | (Judge Caputo) |
| v. | : | (Magistrate Judge Smyser) |
| PENNSTAR BANK, *et al.*, | : | |
| Defendants | : | |

## **REPORT AND RECOMMENDATION**

This civil action was initiated with a complaint filed in the United States District Court for the District of New Jersey on October 9, 2008. An amended complaint was filed on October 27, 2008.

The case was transferred to this District by Order of March 12, 2009, D.N.J. Civil No. 08-5009 (Hochberg, J.).

The plaintiff's claims in the amended complaint are related to a 24.7 acre parcel of real estate in Wayne County, Pennsylvania that had been acquired by and deeded to the plaintiff. She had borrowed money from defendant Pennstar-NBT

using a $75,000 home equity line of credit secured by the Wayne County parcel owned by the plaintiff. On October 9, 2007, Pennstar filed a claim in the Court of Common Pleas of Wayne County to collect a debt due to Pennstar from plaintiff Ms. Parker in the amount of $78,719.26, based upon the use by the plaintiff of the home equity loan line of credit and her alleged failure to repay the loan. The Wayne County civil action resulted in a judgment in the amount of $81,229.59 in favor of Pennstar and against the plaintiff. Many of the plaintiff's claims in the amended complaint concern alleged procedural errors and incorrect decisions made in the course of the state court litigation of the civil action by the bank against the plaintiff. She asserts that filed documents were not served on her. She asserts that her due process rights were not protected in that process, resulting in a summary judgment against her.

Several of the plaintiff's claims in this civil action relate to her Wayne County parcel, but involve matters and occurrences other than the Pennstar action against her based upon the home equity loan. Some of her claims involve contracts that she had with persons to do work at her property. She alleges a

2

breach of a contract to cut timber from her acres and to compensate her for the wood on the part of defendant Cadoza Valley Lumber. She alleges a failure to complete electrical repairs by defendant Arrow Head Electric and its owner, Bobby Lee.

One of her claims involves the entry of her residence by unknown person(s) (John Doe-burglar) after the Court of Common Pleas of Wayne County had granted summary judgment in favor of the bank and against her in the bank's foreclosure action brought on the basis of the home equity nonpayment claim. She alleges a concerted set of actions by the Bank and Cadoza to deprive her of the value of her property and the lumber on it without compensation to her. She asserts that defendant Gregory, the Bank's attorney, was a part of this concerted plan. She values the 24.7 acres at $1,200,000 and the trees on the land at $300,000. She claims that $10,450 in personal property items were stolen from or broken or damaged in her residence.

There are three motions pending. One is the motion to dismiss the complaint for failure to state a claim upon which

relief can be granted, filed in the United States District Court for the District of New Jersey on December 18, 2008 (Doc. 16), as a part of the motion to dismiss filed there and left for resolution in this court by the Order of March 12, 2009, Hochberg, J. (Doc. 24). The other is the motion to dismiss the complaint as to unserved defendants (Doc. 36), filed on April 28, 2009, an issue that was ripe before that motion, however, by the Order of March 26, 2009 (Doc. 28) and the absence of any response from the plaintiff to that Order. The third is the plaintiff's motion for sanctions. (Doc. 19).

The defendants have argued *res judicata* and claim preclusion. The plaintiff argues that her civil rights cause(s) of action are not precluded by the earlier mortgage foreclosure litigation, particularly because her civil rights claims are brought against persons and entities who were not parties to the mortgage foreclosure action. Her argument is in part also that the judgment in the mortgage foreclosure action is not a valid judgment. She asserts that it was not entered in compliance with due process requirements, was not entered pursuant to an exercise

of power granted to the court, and was the result of extrinsic fraud, misrepresentation and duress.

The April 22, 2008 Judgment in Mortgage Foreclosure entered by the Court of Common Pleas of Wayne County, was entered in Civil No. 696 of 2007, an action initiated upon a Complaint in Mortgage Foreclosure brought by Pennstar Bank, a division of NBT Bank, NA, against Florence R. Parker. The complaint alleged that the defendant there, Ms. Parker, had defaulted in payments under a $75,000 home equity loan. The mortgaged property is described in the complaint. The complaint sought recovery of $78,719.26.

A motion to dismiss pursuant to Rule 12(b)(6) challenges the legal sufficiency of the plaintiff's complaint; the court must decide whether, even if the plaintiff were able to prove all of his allegations, he would be unable to prevail. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). When deciding a motion to dismiss, the court must accept all material allegations of the complaint as true and draw all inferences in the light most favorable to the plaintiff. *Pennsylvania House, Inc. v. Barrett*, 760 F. Supp. 439, 449 (M.D.

5

Pa. 1991). However, "conclusory allegations of law, unsupported conclusions and unwarranted inferences need not be accepted as true." *Id*. at 449-50.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007). Detailed factual allegations are not required. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007). However, more is required than labels, conclusions and a formulaic recitation of the elements of a cause of action. *Id.* at 1965. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* Stating a claim requires a complaint with enough factual matter to suggest the required elements of a claim. *Phillips v. County of Allegheny,* 515 F.3d 224, 234 (3d Cir. 2008). However, "this 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Id.* (quoting *Twombly*, *supra,* 127 S.Ct. at 1965). The statement required by Rule 8(a)(2) need only give the defendant fair notice

6

of what the plaintiff's claim is and the grounds upon which it rests. *Erickson, supra.,* 127 S.Ct. at 2200. The "notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema*, 534 U.S. 506, 512 (2002).

A complaint filed by a *pro se* litigant is to be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson, supra,* 127 S.Ct. at 2200 (2007)(quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).

The burden to establish that a claim is foreclosed as a matter of *res judicata* or claim preclusion is on the party asserting that the claim is foreclosed. The plaintiff states a claim that there was not a breach by her of her loan agreement. Even in the absence of a stated set of factual findings or a stated rationale for the Wayne County Court's Judgment, it can probably be inferred from the fact of the Judgment that the Court found there to have been a breach of the loan agreement. But the

7

plaintiff also claims procedural violations by the plaintiff Bank and its attorney in the Wayne County litigation. There is not any basis to infer that these claims were addressed in the Wayne County case.

The fact that the state court's Judgment was entered pursuant to a grant of summary judgment must be considered here in the context of an issue of claim preclusion. There was not a hearing. The opportunity that the defendant borrower had to present her factual contentions in that litigation is not shown. The Court acted upon a motion for summary judgment. The plaintiff asserted in opposing the summary judgment motion that the loan agreement presented with the Bank's summary judgment motion was not the loan agreement that she had signed. That assertion would appear to have given rise to a material issue of factual dispute. How that claim was resolved by the Court is not shown. That it was rejected can be inferred. Why it was rejected can not be inferred, and whether its rejection was pursuant to a procedure and a standard justifying claim preclusion can not be addressed at this time.

We do not mean to state that the issue of whether there was a breach of the loan agreement can be relitigated in federal court. However, we are not prepared in this *pro se* plaintiff case to conclude with certainty that the only claim presented by the pleadings is the issue whether there was a breach of the loan agreement.

Defendant David Gregory in a Declaration (Doc. 16-2) states that he brought the Wayne County foreclosure action on October 3, 2007. On October 31, 2007, defendant Ms. Parker applied for Pennsylvania Homeowners' Emergency Mortgage Assistance. That was denied on January 28, 2008, because she was not a Pennsylvania resident.

After defendant Ms. Parker had on April 17, 2007 filed a notification in the mortgage foreclosure litigation that all correspondence should be sent to 290 Nevin Road, P.O. Box A, Newfoundland, PA 18445, all pleadings in the litigation were sent to Ms. Parker at that address, Gregory states.

9

On February 25, 2008, Gregory filed a summary judgment motion in the Wayne County case. After briefing, the Judgment of April 22, 2008 was entered. An appeal to the Pennsylvania Superior Court was taken by Ms. Parker. The appeal was dismissed on procedural grounds, on the basis that Ms. Parker as the appellant did not file a brief when required.

The subject matter jurisdiction of the Wayne County Court of Common Pleas over the mortgage foreclosure action involving a Wayne County piece of real property is not reasonably in dispute. Proper notice to Ms. Parker, defendant there, plaintiff here, and the opportunity to defend against the Wayne County mortgage foreclosure action is in dispute. She filed a response to that complaint in mortgage foreclosure, however there was not a hearing and issues raised here are not shown to have been addressed.

The plaintiff argues in her brief (Doc. 21) that the Judgment of the Wayne County Court of Common Pleas was not based upon a hearing on the merits of the mortgage foreclosure claim of Pennstar Bank. She asserts that her mortgage loan was not in

10

default. She alleges that there was a modification of her loan agreement of which she did not have notice.

*Res judicata* or claim preclusion relieves the parties of the cost and vexation of multiple lawsuits, conserves judicial resources, and by preventing inconsistent decisions, encourages reliance on adjudication. *Drum v. Nasuti,* 648 F.Supp. 888, 898 (E.D. Pa. 1986), *aff'd*, 831 F.2d 286 (1987). Claim preclusion requires a defendant to demonstrate that there has been (1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action. *Lubrizol Corp. v. Exxon Corp.,* 929 F.2d 960, 963 (3d Cir. 1991).

The Wayne County Court of Common Pleas entered a Judgment in Mortgage Foreclosure in *Pennstar Bank v. Florence A. Parker,* in the amount of $81,229.59, on April 22, 2008. (Doc. 16-2, Exh. M). The court had granted the plaintiff's motion for summary judgment, without an opinion. (*Id.,* Exh. L). The motion had been based upon the contention that Ms. Parker had not made all payments due and owing under the terms of the loan documents.

11

The motion was supported by a general statement in an affidavit that the borrower had failed to make all monthly payments. Ms. Parker's Answer to the complaint denying that she had failed to make payments due under the loan agreement and asserting that the loan document pleaded in that action by the bank was not the loan document that she had signed in September of 2004. (*Id.*, Exh. D).

There is no indication in the record of this case of an actual resolution of claim(s) or counterclaims and defenses in the determination of the Wayne County Court to enter a judgment, and accordingly there is not a basis presented here for the application of claim preclusion or *res judicata* principles.

It will be recommended that this complaint not be dismissed as to defendants Pennstar Bank, NBT, Black, Starns and Gregory on the basis of claim preclusion.

By Order of March 26, 2009 (Doc. 28) it was ordered that the plaintiff show cause why defendants CitiMortgage, Inc., John Doe burglar-agent, Cadoza Lumber Valley Co., Inc., Carmen Vitale,

12

Ray Jenson, LynDa Starns, John Doe - affiant, Jane Doe - affiant, John F. Nolan, Credit Counseling Center, John Doe - Supervisor/Director, Dreher Township, C. Daniel Higgins, Esq., Joan Carol Langston, Milford Valley Abstract, First Penn Abstract, Kathy M. Young, National Penn Bank, John Doe, Jane Doe, Arrow Head Electric and Bobby Lee should not be dismissed pursuant to Fed.R.Civ.P. 4(m).

The plaintiff did not respond to that Order directing her to show cause why the complaint should not be dismissed as to those named, unserved defendants.

The plaintiff's motion for sanctions (Doc. 19) is a motion in which the plaintiff asked the federal court, while the case was in the District of New Jersey, to impose sanctions against defendant Gregory pursuant to Rule 11 of the Federal Rules of Civil Procedure for instituting the Wayne County litigation and for conduct relating to the discovery process on the part of defendant Gregory in his earlier capacity as counsel for the plaintiff Pennstar Bank in the Wayne County mortgage foreclosure litigation. The plaintiff asserts that the claim in

13

the Wayne County case that a debt was due was frivolous because there was not a debt due.  The application of Rule 11 of the Federal Rules of Civil Procedure to a lawyer's conduct in litigation in another court would not be an authorized application of Rule 11.

For the foregoing reasons, it is recommended that the court deny the motion of  defendants Pennstar Bank, David M. Gregory, Esquire, Kathy Black and LynDa Starnes (Doc. 16) to dismiss the complaint for failure to state a claim upon which relief can be granted; that the complaint be dismissed as to defendants CitiMortgage, Inc., John Doe burglar-agent, Cadoza Lumber Valley Co., Inc., Carmen Vitale, Ray Jenson, LynDa Starns, John Doe - affiant, Jane Doe - affiant, John F. Nolan, Credit Counseling Center, John Doe - Supervisor/Director, Dreher Township, C. Daniel Higgins, Esq., Joan Carol Langston, Milford Valley Abstract, First Penn Abstract, Kathy M. Young, National Penn Bank, John Doe, Jane Doe, Arrow Head Electric and Bobby Lee

pursuant to Rule 4(m)[1], that the plaintiff's motion for sanctions (Doc. 19) be denied and that the case be remanded to this magistrate judge.

>  */s/ J. Andrew Smyser*
>  J. Andrew Smyser
>  Magistrate Judge

Dated: May 1, 2009.

---

[1] The motion of April 28, 2009 (Doc. 36) raises the failure to serve these defendants. The Order of March 26, 2009 (Doc. 28) had directed the plaintiff to show cause why the complaint should not be dismissed as to these defendants. The plaintiff did not respond to that Order. Without further briefing, the court should dismiss the complaint as to these unserved defendants pursuant to Rule 4(m).