**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| FLORENCE R. PARKER, | |
| Plaintiff, | NO. 3:09-CV-0490 |
| v. | (JUDGE CAPUTO) |
| PENNSTAR BANK, NBT, et al., | (MAGISTRATE JUDGE SMYSER) |
| Defendants. | |

## **MEMORANDUM**

Presently before the Court is Report and Recommendation ("R & R") of Magistrate Judge J. Andrew Smyser in the above-captioned matter (Doc. 38) as well as the Brief in Objection to the R & R by Defendants Pennstar Bank, NBT, David M. Gregory, Esq., Kathy Black, and LynDa Starnes (sued as "Lyda Sterns") (Doc. 40). For the reasons stated below, the Court will overrule Defendants' objections and adopt the Magistrate Judge's recommendations.

## **BACKGROUND**

### **I.  Factual & Procedural History**

*Pro se* Plaintiff Florence Parker initiated the present civil suit with a complaint filed on October 9, 2008 in the U.S. District Court for the District of New Jersey. (Doc. 1.) Parker's original complaint alleges a number of civil rights claims pursuant to 42 U.S.C. § 1983 and § 1985 as well as several state law claims. Parker filed an amended complaint on October 27, 2008, prior to the filing of any responsive pleadings or motions. (Doc. 5.) The amended complaint includes none of the claims from Parker's original complaint, but instead raises

several civil claims pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 *et seq.*[1]

Defendant Pennstar Bank, NBT ("Pennstar"), its attorney, David Gregory, and certain of its employees, Kathy Black and LynDa Starnes,[2] are among a number of Defendants that Parker alleges engaged in an enterprise to deprive her of certain rights and property, including a 24.7 acre parcel of real estate in Wayne County, Pennsylvania. Parker had earlier received a seventy-five thousand dollar ($75,000) home equity loan from Pennstar, secured by this property. (Ex. A, Doc. 16.) On October 9, 2007, Pennstar filed a mortgage foreclosure proceeding against Parker in the Court of Common Pleas of Wayne County, Pennsylvania, alleging default on repayment of the loan. (*Id.*) This action resulted in entry of a judgment in mortgage foreclosure against Parker and in favor of Pennstar for eighty-one thousand, two hundred twenty-nine dollars and fifty-nine cents ($81, 229.59). (Ex. M, Doc. 16.)

On December 18, 2008, Defendants Pennstar, Gregory, Black, and Starnes filed a motion to dismiss Parker's federal court action. (Doc. 16.) The motion argues for dismissal based on a lack of personal jurisdiction, or, in the alternative, for a change of venue to the U.S. District Court for the Middle District of Pennsylvania. It also argues for dismissal based on principles of *res judicata*. Judge Hochberg of the District of New Jersey granted the

---

[1] Parker raises a number of RICO claims, heading each Count with a different alleged predicate offense, including extortion, mail fraud, obstruction of justice, and violation of the Pennsylvania Hate Crimes Act. (*See* Am. Compl., Doc. 5.)

[2] Parker alleges that these individual defendants acted as agents of Pennstar. (*See* Am. Compl. at 2.)

2

motion to transfer the action to this Court by Order of March 12, 2009. (Doc. 24.) She did not address the motion to dismiss on *res judicata* principles.

On January 6, 2009, prior to the action's transfer, Parker filed a motion for sanctions under Federal Rule of Civil Procedure 11. (Doc. 19.) Parker requests sanctions on the grounds that the Wayne County mortgage foreclosure action was frivolous and initiated in bad faith. That motion was not addressed by the District of New Jersey and is pending here.

On March 26, 2009, Magistrate Judge Smyser issued an Order directing Parker to show cause why certain as yet unserved Defendants should not be dismissed from the action pursuant to Federal Rule of Civil Procedure 4(m). (Doc. 28.) Parker failed to respond to the Order.

On April 28, 2009, Defendants Pennstar, Gregory, Black, and Starnes filed a motion for involuntary dismissal of Parker's action for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b). (Doc. 36.) Defendants move for dismissal on the grounds that they have been prejudiced by Parker's failure to respond to their correspondence, communication, or court filings, or to meaningfully pursue her action.

**II.     Report and Recommendation & Objections**

Magistrate Judge Smyser's R & R addresses three issues. First, he addresses Pennstar, Gregory, Black, and Starnes' motion to dismiss based on *res judicata* principles. (Doc. 16.) He concludes that Parker's claims are not precluded by the earlier Wayne County mortgage foreclosure action and therefore recommends denying Defendants' motion to dismiss on those grounds. Second, he addresses Parker's failure to comply with his order to show cause why the complaint should not be dismissed as to unserved defendants and recommends dismissal of these parties pursuant to Federal Rule of Civil Procedure 4(m).

3

The Magistrate Judge notes that the issue of Parker's failure to serve a number of defendants was raised in Defendants Pennstar, Gregory, Black, and Starnes' motion for involuntary dismissal, but makes no recommendation for disposition of this motion. Finally, he addresses Parker's motion for sanctions. (Doc. 19.) He concludes that the motion lacks merit and recommends it be denied.

Parker filed no objections to the R & R.

Defendants Pennstar, Gregory, Black, and Starnes filed a Brief in Objection to the R & R, raising two objections. (Doc. 40.) First, they object to the recommended denial of their motion to dismiss based on *res judicata* principles. Defendants concede that the Magistrate Judge accurately set forth the applicable law, but argue that he erred in its application. Second, Defendants object to "the recommended disposition of defendants' motion for involuntary dismissal pursuant to Federal Rule of Civil Procedure 41(b)." (Defs.' Br. in Objection 7, Doc. 40.) Defendants apparently believe that, because he made reference to the motion but did not discuss Rule 41(b), the Magistrate Judge implicitly recommends denial. Parker did not file a response to Defendants' objections.

**LEGAL STANDARD**

Where objections to a magistrate judge's report are filed, the Court must conduct a *de novo* review of the contested portions of the report, 28 U.S.C. § 636(b)(1)(C), *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989), provided the objections are both timely and specific, *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). In its *de novo* review, the Court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the

4

magistrate judge. 28 U.S.C. § 636(b)(1)(C); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993) (McClure, J.). Although the review is *de novo*, the statute permits the Court to rely on the recommendations of the Magistrate Judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980) ("Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations"); *Goney*, 749 F.2d at 6-7; *Ball v. U.S. Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994) (Kosik, J.). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985) (the statute neither prevents nor requires a particular standard if no objections are filed); *Goney*, 749 F.2d at 7. At the very least, the Court should review uncontested portions for clear error. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998) (Venaskie, J.) (citing Advisory Committee notes on Federal Rule of Civil Procedure 72(b), implementing 28 U.S.C. § 636(b)(1)(C)).

## DISCUSSION

**I.     Recommendations with Objection**

A.     <u>Motion to Dismiss on Res Judicata Principles</u>

Defendants Pennstar, Gregory, Black, and Starnes object to the recommended denial of their motion to dismiss on *res judicata* principles. Defendants argue that Parker's claims against Pennstar are barred under the doctrine of *res judicata* and her claims against Gregory, Black, and Starnes are precluded under the doctrine of collateral estoppel.

As an initial matter, the Court must define the scope of Parker's claims, as the record

reflects some confusion on this point. Parker filed her original complaint on October 9, 2009. (Doc. 1.) Prior to any response by a defendant, Parker filed an amended complaint on October 27, 2008. (Doc. 5.) Pursuant to Federal Rule of Civil Procedure 15(a)(A), Parker had the right to file an amended complaint once as of course before being served with a responsive pleading. However, Parker included a paragraph in her amended complaint asserting that: "All counts are incorporated within this amended complaint and with the original civil complaint filed October 9, 2008." (Am. Compl. 4.)

Parker may not incorporate by reference the claims of her original pleading into her amended complaint. "An amended complaint supercedes the original version in providing the blueprint for the future course of a lawsuit." *Snyder v. Pascack Valley Hosp.*, 303 F.3d 271, 276 (3d Cir. 2002). Thus, the amended pleading must include both the claims previously asserted and the new claims a plaintiff seeks to add. *Hummel v. Care*, No. 08-cv-1567, 2009 U.S. Dist. LEXIS 26047, at *2 (M.D. Pa. Mar. 27, 2009) (Conner, J.). Parker's claims are thus limited to those raised in her amended complaint, namely, to her several civil RICO claims.

To determine whether Parker's RICO claims against Defendants are barred by preclusion principles, this Court must look to state preclusion law. *See Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985) ("The preclusive effect of a state court judgment in a subsequent federal lawsuit generally is determined by the full faith and credit statute [28 U. S. C. § 1738] ... Section 1738 embodies concerns of comity and federalism that allow the States to determine ... the preclusive effect of judgments in their own courts.")

Under Pennsylvania law, the concept of res judicata "encompasses two related, yet

6

distinct principles: technical res judicata and collateral estoppel." *Stilp v. Pennsylvania*, 910 A.2d 775, 783 (Pa. Commw. Ct. 2006).

> Technical res judicata provides that where a final judgment on the merits exists, a future lawsuit on the same cause of action is precluded. Collateral estoppel acts to foreclose litigation in a subsequent action where issues of law or fact were actually litigated and necessary to a previous final judgment.

*Id.* (citations omitted).

For technical *res judicata* to apply, the following four (4) factors must be present: (1) identity of the thing sued upon or for; (2) identity of the causes of action; (3) identity of the persons or parties to the action; and (4) identity of the quality or capacity of the parties suing or being sued. *Id.* (citations omitted).

Technical *res judicata* does not bar Parker's RICO claims against Pennstar because there is no identity of causes of action between this and the Wayne County mortgage foreclosure action. "Generally, causes of action are identical when the subject matter and the ultimate issues are the same in both the old and new proceedings." *Id.* The state mortgage foreclosure action presented a breach of contract issue. The elements of a RICO claim do not raise the same issue.[3] Moreover, the subject matter of the two suits is not the same. Both actions involve the 24.7 acre parcel of real estate in Wayne County deeded to Parker, but it features differently in the two cases. In the state court action, Pennstar alleged a right to foreclose on the property because it secured the defaulted debt. At the heart of

---

[3] The elements that must be pled to state a civil RICO claim are: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 495 (1985). The statutory definition of "racketeering activity" incorporates the elements of a large number of federal and state crimes. *See* 18 U.S.C. § 1961(1).

7

Parker's RICO allegations is the contention that the moving defendants conspired with other defendants to deprive her of her property, including the parcel, through illegal means. While there is some overlap between Parker's factual allegations here and allegations she raised as a defendant in the state action, they form only part of Parker's much broader allegations in the present action.[4]

Defendants additionally argue that Parker should be barred by technical *res judicata* because she did not raise her present claims among her counterclaims to the state action. Defendants correctly note, "[r]es judicata applies to claims that were actually litigated as well as those matters that should have been litigated." *Id*. "A party must raise all matters related to an issue at the first opportunity or be forever barred from raising them again." *Winpenny v. Winpenny*, 643 A.2d 677, 679 (Pa. Super. Ct. 1994). However, Parker alleges a plan by multiple defendants to obtain her property covering a time period prior to, including, and *after* the state court litigation. Indeed, she alleges that the state court action itself was instituted in order to coerce her. With these allegations in mind, it cannot be said that Parker's first opportunity to raise her RICO claims arose in the course of the state action. Because the state court and present actions do not present identical causes of action, the Court will deny Defendants' motion as to their technical *res judicata* argument.

Defendants next argue that Parker's claims against Gregory, Black, and Starnes are precluded under the doctrine of collateral estoppel. Collateral estoppel, also known as issue

---

[4] As Magistrate Judge Smyser noted, Parker is not at liberty to relitigate the state judgment in mortgage foreclosure in this forum. A valid state court judgment is afforded full faith and credit by federal courts. 28 U. S. C. § 1738. The Court merely concludes that Parker does not raise an identical claim here to the claim decided in the Wayne County action.

8

preclusion, "forecloses re-litigation in a later action, of an issue of fact or law which was actually litigated and which was necessary to the original judgment." *Hebden v. Workmen's Comp. Appeal Bd.*, 632 A.2d 1302, 1304 (Pa. 1993) (quoting *City of Pittsburgh v. Zoning Bd. of Adjustment of Pittsburgh*, 559 A.2d 896, 901 (Pa. 1989)) (internal quotation marks omitted). Defendants argue that several issues raised by Parker as a defendant to the state action must be precluded from relitigation here, including the following allegations: (1) improper service of court filings in the Wayne County action on Parker; (2) failure to provide her adequate notice under state law of Pennstar's intent to foreclose; and (3) fraudulent modification of the loan contract by Pennstar.[5]

Relitigation of an issue of fact or law determined in a prior proceeding is precluded under the doctrine of collateral estoppel if five requirements are met:

> (1) the issue decided in the prior case is identical to the one presented in the later action; (2) there was a final adjudication on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party in the prior case; (4) the party or person privy to the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding; and (5) the determination in the prior proceeding was essential to the judgment.

*Erisco Indus. v. Workers' Comp. Appeal Bd.*, 955 A.2d 1065, 1069 (Pa. Commw. Ct. 2008) (citing *Office of Disciplinary Counsel v. Kiesewetter*, 889 A.2d 47 (Pa. 2005)).

After reviewing the record of the state action, as presented on this record by the parties, the Court cannot conclude whether the issues identified by Defendants were

---

[5] By arguing that Parker's claims against Gregory, Black, and Starnes are precluded in their entirety by the doctrine of collateral estoppel, Defendants apparently argue that the identified issues are dispositive of the RICO claims. Because I find collateral estoppel inapplicable on other grounds, *see infra*, I need not reach this argument.

9

considered by the state court and thus were actually litigated and essential to the judgment. Defendants are correct that Parker raised the these issues in the course of the Wayne County action. Parker effectively acknowledges this point in her amended complaint. (*See* Am. Compl. ¶¶ 12-25.) However, the state court record does not indicate whether these issues were before the court when it ruled on Pennstar's mortgage foreclosure claim. This is largely due to the confusing posture in which Parker raised them. She first raised the issues of improper foreclosure notice and modification of the loan contract, styled as counterclaims, with her answer to Pennstar's complaint in mortgage foreclosure. (Gregory Aff., Ex. D, Doc. 16.) When Pennstar later moved for summary judgment on its claim and requested oral argument, the state court issued notice of the argument and required parties to submit briefs. (*Id.* at Exs. H, I, J.) Parker filed a brief titled "Argument for Summary Judgment and Dismissal with Prejudice for Plaintiff's Egregious Acts," in which she raises the three identified issues and purports to move for summary judgment. (Ex. E, Doc. 40.) It is not clear whether this filing is intended as a brief in opposition to Pennstar's motion, a cross-motion for summary judgment on Pennstar's claim, or a motion for summary judgment on her counterclaims. After Parker's failure to appear at oral argument, the state court entered an order granting Pennstar's motion for summary judgment without opinion, but did not dispose of or otherwise discuss the purported counterclaims. (Gregory Aff., Ex. L.) It is impossible to discern from the order whether the court considered the issues raised by Parker in her counterclaims or brief in coming to its decision.

Defendants argue that summary judgment on the mortgage foreclosure action would have been precluded if the state court credited Parker's arguments that she was improperly

10

served, that she received inadequate notice of intent to foreclose, or that the loan contract was improperly modified. However, it is also possible that the state court did not view Parker's arguments as pled, argued, or otherwise raised *as defenses to Pennstar's claim*—given the confused posture in which she raised these issues—and did not consider them in its disposition of Pennstar's motion for summary judgment. The record simply does not shed light on how the state court understood Parker's counterclaims and brief to relate to Pennstar's claim, on which it entered judgment. Because the Court cannot determine whether the identified issues were finally decided by the state court and essential to its judgment, Defendants motion will be denied as to the collateral estoppel argument.

For the foregoing reasons, the Court will adopt Magistrate Judge Smyer's recommendation to deny Defendants Pennstar, Gregory, Black, and Starnes' motion to dismiss on preclusion principles. (Doc. 16.)

B. <u>Motion for Involuntary Dismissal Pursuant to Federal Rule of Civil Procedure 41(b)</u>

Defendants Pennstar, Gregory, Black, and Starnes object to "the recommended disposition of defendants' motion for involuntary dismissal pursuant to Federal Rule of Civil Procedure 41(b)." (Defs.' Br. in Objection 7.) Defendants Brief in Objection argues in favor of dismissal of Parker's action on Rule 41(b) grounds.[6] Though the R & R does not discuss Rule 41(b) or explicitly recommend any disposition of the relevant motion, Defendants

---

[6] Federal Rule of Civil Procedure 41(b) provides, in relevant part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."

11

apparently believe that Magistrate Judge reaches and implicitly recommends its denial.

The Court disagrees with Defendants that the R &R recommends any disposition of their motion for involuntary dismissal. Though mentioned in the R & R, the motion was not directly addressed and appears to remain open. Magistrate Judge Smyser notes that the existence of yet unserved defendants was raised in Defendants' motion, but also notes that the issue was ripe prior to its filing based on Parker's failure to comply with his order to show cause. (R & R at 4 , Doc. 38.) He then specifically recommends dismissal of the unserved defendants based on Parker's failure to comply with his March 26 Order, pursuant to Federal Rule of Civil Procedure 4(m).[7] (*Id*. at 13, 14-15 & n. 1.) He does not address Rule 41(b) or recommend disposition of Defendants' motion for involuntary dismissal.

Because the issue was not before the Magistrate Judge, this Court will not address the question of dismissal on grounds of Rule 41(b) in this review. Defendants' motion for involuntary dismissal (Doc. 36) remains open.

## II. Recommendations without Objection

Recommendations to which no objections are made are reviewed for clear error. *Cruz*, 990 F. Supp. at 376-77. The Court finds no clear error with regard to the recommended disposition of Parker's motion for sanctions (Doc. 19) or the recommendation to dismiss the

---

[7] Federal Rule of Civil Procedure 4(m) provide, in relevant part:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff-- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

12

amended complaint as against a number of unserved defendants pursuant to Rule 4(m). The Court will therefore adopt Magistrate Judge Smyser's recommendations for the reasons set forth in the R & R. The Court will deny Parker's motion and dismiss the amended complaint as to Defendants CitiMortgage, Inc., John Doe burglar-agent, Cadoza Lumber Valley Co., Inc., Carmen Vitale, Ray Jenson, Lynda Starnes (sued as "Lyda Sterns"), John Doe - affiant, Jane Doe - affiant, John Nolan, Credit Counseling Center, John Doe - Supervisor/Director Dreher Township, C. Daniel Higgins, Esq., Joan Carol Langston, Milford Valley Abstract, First Penn Abstract, Kathy M. Young, National Penn Bank, John Doe, Jane Doe, Arrow Head Electric, and Bobby Lee.

## CONCLUSION

For the foregoing reasons, the Court will overrule the objections of Defendants Pennstar, Gregory, Black, and Starnes to the R & R and adopt Magistrate Judge Smyser's recommendations. The Court will therefore deny Defendants' motion to dismiss on principles of *res judicata* (Doc. 16); deny Plaintiff Parker's motion for sanctions (Doc. 19); and dismiss the amended complaint as against certain unserved defendants.

An appropriate Order follows.


July 22, 2009 /s/ A. Richard Caputo
Date A. Richard Caputo
United States District Judge

13

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| FLORENCE PARKER, <br><br> Plaintiff, <br><br> v. <br><br> PENNSTAR BANK, NBT, et al., <br><br> Defendant. | NO. 3:09-CV-0490 <br><br> (JUDGE CAPUTO) <br><br> (MAGISTRATE JUDGE SMYSER) |

**ORDER**

**NOW**, this   22nd   day of July, 2009, **IT IS HEREBY ORDERED** that:

(1) The objections to Magistrate Judge Smyser's Report & Recommendation by Defendants Pennstar Bank, NBT, David M. Gregory, Esq., Kathy Black, and LynDa Starnes are **OVERRULED**.

(2) The recommendations of Magistrate Judge Smyser's Report & Recommendation (Doc. 38) are **ADOPTED**.

(3) Defendants Pennstar Bank, NBT, David M. Gregory, Esq., Kathy Black, and LynDa Starnes' Motion to Dismiss based on Res Judicata (Doc. 16) is **DENIED**.

(4) Plaintiff Florence Parker's Application for Sanctions (Doc. 19) is **DENIED**.

(5) The following Defendants are **DISMISSED** from this action: CitiMortgage, Inc., John Doe burglar-agent, Cadoza Lumber Valley Co., Inc., Carmen Vitale, Ray Jenson, Lynda Starnes (sued as "Lyda Sterns"), John Doe - affiant, Jane Doe - affiant, John Nolan, Credit Counseling Center, John Doe - Supervisor/Director Dreher Township, C. Daniel Higgins, Esq., Joan Carol Langston, Milford Valley Abstract, First Penn Abstract, Kathy M. Young, National Penn Bank, John Doe, Jane Doe, Arrow Head Electric, and Bobby Lee.

(6) The case is **RECOMMITTED** to Magistrate Judge Smyser for further proceedings.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge