UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FLORENCE R. PARKER, | : | CIVIL NO. **3:09-CV-00490** |
| Plaintiff | : | (Judge Caputo) |
| v. | : | (Magistrate Judge Smyser) |
| PENNSTAR BANK, *et al.*, | : | |
| Defendants | : | |

## **REPORT AND RECOMMENDATION**

The plaintiff commenced this action in the United States District Court for the District of New Jersey by filing a complaint on October 9, 2008. On October 27, 2008, the plaintiff filed an amended complaint. By an Order dated March 12, 2009, Judge Hochberg ordered the case transferred to this court.

By an Order dated July 22, 2009, all of the defendants except defendants Pennstar Bank, NBT, David M. Gregory, Esquire and Kathy Black were dismissed from the action. On September 25, 2009, defendants Pennstar Bank, Gregory and Black filed an answer to the amended complaint.

Pursuant to the Order of April 13, 2010, the discovery deadline is June 25, 2010 and the dispositive motions deadline is August 25, 2010.

By an Order dated March 5, 2010, we granted in part and denied in part defendant Pennstar Bank's motion to compel discovery. We granted the motion to the extent that the plaintiff was ordered to provide to defendant Pennstar Bank: receipts and explanations of value in response to defendant's Interrogatory No. 1; copies of her federal and state tax returns for the years 2004 to 2008; the names of her expert witnesses; and the name of the person she contacted at Pennstar Bank after she obtained her home equity loan. The plaintiff was ordered to provide this information on or before March 25, 2010.

On March 30, 2010, defendant Pennstar Bank filed a motion for sanctions based on the plaintiff's purported failure to comply with the Order of March 5, 2010. Defendant Pennstar Bank requests as a sanction that the case be dismissed with prejudice and that the plaintiff be ordered to pay the defendants' attorney's fees and expenses in defending this action. In the

alternative, defendant Pennstar Bank requests that the plaintiff be precluded from advancing argument or presenting testimony regarding her claim for monetary damages, that the plaintiff be precluded from calling fact and expert witnesses, that the plaintiff be precluded from offering evidence or raising claims regarding items allegedly removed from her home, and that the defendants be permitted at the time of trial to inform the jury of the plaintiff's failure to disclose the requested information.

By an Order dated April 13, 2010, we granted in part and denied in part another motion to compel filed by the defendants. We granted the motion to the extent that the plaintiff was ordered to provide to the defendants, within seven days, the addresses of her witnesses. On April 21, 2010, the defendants filed another motion for sanctions based on the plaintiff's failure to comply with the Order of April 13, 2010. In this motion, the defendants request that the plaintiff be precluded from calling witnesses, that the plaintiff be ordered to pay to defendants their reasonable attorney's fees and expenses incurred in making the motion and such other relief as is allowed by Fed.R.Civ.P. 37(b) that the court deems just and appropriate.

The defendants' motions for sanctions were briefed. By an Order dated May 13, 2010, we scheduled a hearing on the motions for sanctions for May 25, 2010. At the request of the plaintiff, the hearing was rescheduled to June 1, 2010.

The plaintiff failed to appear at the hearing.[1] The defendants appeared at the hearing and presented a record of the plaintiff's failure to comply with discovery. At the hearing, the defendants argued that the plaintiff has acted in bad faith and that the case should be dismissed. We agree.

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Although dismissal is an available sanction, it is a drastic sanction which "should be reserved for those

---

[1] The plaintiff had a number of contacts with the undersigned's secretary on June 1, 2010. The most-recent contact before the scheduled hearing was at approximately 1:15 p.m. when the plaintiff indicated that she would appear at the hearing on time. The plaintiff did not appear at anytime during the hearing which lasted until 2:25 p.m. The plaintiff appeared at chambers at approximately 2:40 after the hearing had concluded.

cases where there is a clear record of delay or contumacious conduct by the plaintiff." *Donnelly v. Johns-Manville Sales Corp.*, 677 F.2d 339, 342 (3d Cir. 1982). In deciding whether to dismiss an action pursuant to Fed.R.Civ.P. 41(b), the court must balance the factors set forth in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984). The *Poulis* factors the court should consider are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id*. No single factor is dispositive. *Briscoe v. Klaus,* 538 F.3d 252, 263 (3d Cir. 2008). Each factor need not be satisfied for the court to dismiss an action. *Ware v. Rodale Press, Inc.,* 322 F.3d 218, 221 (3d Cir. 2003).

The first *Poulis* factor is the extent of the party's personal responsibility. In this case the plaintiff is

proceeding *pro se.*[2] A *pro se* litigant is responsible for failure to comply with the court's orders and failure to appear at hearings. The evidence presented by the defendants at the hearing establishes that the plaintiff failed to comply with the Orders of March 5, 2010 and April 13, 2010. We conclude that the plaintiff was personally responsible for failing to comply with the court's orders and failing to attend the hearing on June 1, 2010.

The second *Poulis* factor is prejudice to the adversary. Examples of prejudice are "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." *Scarborough v. Eubanks*, 747 F.2d 871, 876 (3d Cir. 1984). Prejudice for purposes of the *Poulis* analysis does not mean irremediable harm. *Ware, supra,* 322 F.3d at 222. "[T]he burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial." *Id.*

---

[2] The plaintiff is an attorney.

The failure of the plaintiff to comply with the court's orders compelling discovery has prejudiced the defendants in their trial preparations. Without the disclosure of items ordered by the court, the defendants have not been able to prepare for trial. Additionally, the defendants incurred costs associated with preparing and filing motions to compel discovery and for sanctions and for appearing at the hearing on June 1st. We conclude that the plaintiff's conduct has prejudiced the defendants.

The third *Poulis* factor is a history of dilatoriness. A "party's problematic acts must be evaluated in light of its behavior over the life of the case." *Adams v. Trustees, N.J. Brewery Trust Fund,* 29 F.3d 863, 875 (3d Cir. 1994).

As stated above, the plaintiff has failed to comply with the Orders of March 5, 2010 and April 13, 2010. The plaintiff failed to appear at the June 1, 2010 hearing. This is not the first time that the plaintiff has failed to appear in this case. The plaintiff failed to appear at a settlement conference scheduled for November 12, 2009. We denied the defendants'

7

motion to dismiss the case based on the plaintiff's failure to attend the settlement conference. Although there was an order scheduling the conference, based on a history of email communications between the court and counsel we accepted the plaintiff's contention that she erroneously believed that she would received email notification of the date and time of the hearing. The plaintiff has since provided excuse after excuse for failure to comply with orders of the court. The plaintiff is no longer credible. The plaintiff has a history of dilatoriness.

The fourth *Poulis* factor is whether the conduct was willful or in bad faith. "Willfulness involves intentional or self-serving behavior." *Adams, supra,* 29 F.3d at 875. At some point, excuses of errors and misunderstandings become incredible. We have reached that point in this case. Given the plaintiff's history in this case, we conclude that the plaintiff has acted in bad faith.

8

The fifth *Poulis* factor is the effectiveness of alternate sanctions. Dismissal is a sanction of last resort. *Poulis, supra*, 747 F.2d at 869. It is incumbent upon the court to explore the effectiveness of lesser sanctions before ordering dismissal. *Id.* at 868. The plaintiff is proceeding *pro* se and there is no evidence to support a reasonable inference that she would be able to pay monetary sanctions. Therefore, monetary sanctions, including attorney's fees and costs, would not be an effective sanction in this case. The plaintiff has shown a pattern of failing to comply with court orders. Thus, further orders to the plaintiff would also not be effective. In this case, no sanction short of dismissal would be effective.

Theسixth *Poulis* factor is the meritoriousness of the claim or defense. In this inquiry, a claim will be deemed meritorious when the allegations of the complaint, if established at trial, would support recovery. *Poulis, supra,* 747 F.2d at 870.

The plaintiff claims that the defendants violated the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 et. seq. The plaintiff alleges that the defendants

9

engaged in a pattern of racketeering activity. However, she has not alleged facts which plausibly support an inference that the defendants engaged in a pattern of racketeering activity. The plaintiff also alleges that the defendants used the mail to attempt to collect a debt. The debt at issue is a home equity loan. The plaintiff, however, has not alleged facts which would plausibly support an inference that the debt was an unlawful debt under RICO. *See* 18 U.S.C. § 1961(6) (defining "unlawful debt" to mean "a debt (A) incurred or contracted in gambling activity which was in violation of the law of the United States, a State or political subdivision thereof, or which is unenforceable under State or Federal law in whole or in part as to principal or interest because of the laws relating to usury, and (B) which was incurred in connection with the business of gambling in violation of the law of the United States, a State or political subdivision thereof, or the business of lending money or a thing of value at a rate usurious under State or Federal law, where the usurious rate is at least twice the enforceable rate").

We conclude for purposes of the analysis under *Poulis* that the plaintiff's claims are not meritorious.

After weighing the *Poulis* factors we conclude that this case should be dismissed pursuant to Fed.R.Civ.P. 41(b).

Based on the foregoing, it is recommended that the defendants' motions (docs. 126 & 144) for sanctions be granted and that the case be dismissed with prejudice.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated: June 2, 2010.