# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FLORENCE R. PARKER, | |
| Plaintiff, | CIVIL ACTION NO. 3:09-CV-490 |
| v. | (JUDGE CAPUTO) |
| PENNSTAR BANK, *et al.*, | (MAGISTRATE JUDGE SMYSER) |
| Defendants. | |

## **MEMORANDUM ORDER**

Presently before the Court are the Report and Recommendation ("R&R") of Magistrate Judge Smyser (Doc. 173) and Plaintiff Florence Parker's ("Parker") Response in Opposition (Doc. 179). The R&R recommends that the Defendants' Motion for Sanctions (Doc. 126) and Motion to Impose Sanctions Pursuant to Fed. R. Civ. P. 37(c)(1) (Doc. 144) be granted, and that Parker's Complaint (Doc. 1) be dismissed pursuant to Federal Rule of Civil Procedure 41(b). For the reasons discussed below, the R&R will be adopted, and Parker's Complaint will be dismissed.

Each of Defendants' present motions for sanctions relate to Parker's failures to comply with this Court's orders in the discovery process of this action. On March 5, 2010, this Court granted a motion to compel the disclosure of several pieces of information including answers to certain interrogatories and Parker's tax filings from 2004 to 2008. (Doc. 105.) On April 13, 2010, a second motion to compel was granted, ordering Parker to provide the Defendants with the addresses of any witnesses. (Doc. 136.) Defendants argue that Parker failed to comply with both orders, and filed the present motions for sanctions. (Docs. 126, 144.) On May 13, 2010, Magistrate Judge Smyser scheduled a hearing on Defendants'

motions for sanction, set for May 25, 2010 at 1:30 p.m. (Doc. 160.) At Parker's request, the hearing was rescheduled for June 1, 2010 at 1:30 p.m. (Doc. 162.) On June 1, 2010, Parker failed to appear for the hearing, and the Defendants presented evidence in support of their motion outside of her presence. (Doc. 185.)[1] In her objections, Parker does not deny that she failed to attend this hearing and failed to communicate to the Court that she would be late. (Doc. 179.) Instead, she states that she was "sleep deprived" and that it would be dangerous for her to drive, but that she drove to the hearing at the Court's request. (Pl. Objections at 8, Doc. 179.) The R&R recommends the sanction of dismissal for Parker's conduct. After reviewing the record before me, I find that Parker's repeated failures to comply with this Court's orders warrants consideration of the sanction of dismissal of this action.

Before issuing a sanction that will deprive a party of the right to proceed with their claim without a merits analysis, this Court must consider the six-part test enunciated by the Third Circuit Court of Appeals in *Poulis v. State Farm & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984). The six factors are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

---

[1] Magistrate Judge Smyser reports that Parker contacted his chambers at 1:15 p.m. on the day of the hearing and stated that she would be on time. (R&R at 4 n.1, Doc. 173.) He also reports that Parker arrived at chambers at approximately 2:40 p.m., over fifteen (15) minutes after the hearing had ended and more than an hour after it was scheduled to begin. (R&R at 4 n.1.)

2

*Poulis*, 747 F.2d at 868. No single factor of this analysis is dispositive. *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008). Furthermore, each factor need not be satisfied for a court to dismiss an action. *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 221 (3d. Cir. 2003).

As to the first factor, the extent of the non-moving party's personal responsibility, I find that this factor weighs in favor of dismissal. Parker is acting *pro se*, and therefore, Parker is responsible for her failure to comply with the discovery requirements and this Court's orders. As to the second factor, prejudice to the adversary, I also find that this weighs in favor of dismissal. Parker's failure to provide, for example, the addresses of her witnesses has denied the Defendants the opportunity to subpoena and depose these persons before trial. The ability to conduct basic factual discover is central to our litigation process, and the failure to provide this information is prejudicial to the Defendants. As to the third factor, the history of dilatoriness, I find that this factor weighs in favor of dismissal. Here I adopt the recommendation of Magistrate Judge Smyser who has interacted with Parker throughout the discovery process. He notes that "[t]his is not the first time that the plaintiff has failed to appear in this case," and that "[t]he plaintiff has . . . provided excuse after excuse for failure to comply with orders of the court." (R&R at 7-8.) Reviewing the current record and the R&R, I find that Parker has a history of dilatory conduct.

As to the fourth factor, whether there is willfulness or bad faith, I find that dismissal is appropriate. Parker had the opportunity to justify her failure to appear at the sanctions hearing and her failure to comply with this Court's discovery orders; she has failed to articulate any justifiable excuse. Her only response is that she was "sleep deprived" on the date of the hearing, but she admits that she did not inform the Court that she would be late or otherwise justify her failure to appear on time. Even assuming that Parker's justification

is true, being "sleep deprived" does not explain her failure to appear on time or to inform the Court of any delays. I find that the repeated failures to comply with this Court's explicit instructions illustrates willful behavior by Parker. As to the fifth factor, effectiveness of other sanctions, I find that this factor weighs against dismissal. The R&R suggests that there is no evidence that Parker would be able to pay a monetary sanction, however, there is also no evidence to the contrary. Furthermore, alternative sanctions, such as the exclusion of certain evidence, might be effective. As to the sixth factor, the meritoriousness of the claims, I find that this factor weighs in favor of dismissal. After reviewing Parker's allegations, she has not alleged sufficient facts which would support her claims under the Racketeering Influenced and Corrupt Organizations Act (RICO). The factual allegations relate to Parker's mortgage with Pennstar Bank, and notwithstanding Parker's argument that she alone is the corrupted enterprise, there is no allegation of any entity or association influenced by the Defendants. (Doc. 179 at 18.)

After reviewing the factors listed above, five of the six factors weigh in favor of dismissal. The remaining factor, alternative sanctions, weighs against dismissal. Considering each of these factors, as well as the fact that dismissal is not a favored sanction, I find that dismissal is an appropriate sanction for Parker's repeated and willful conduct. While allowances should be made for parties acting *pro se*, even *pro se* parties must not be allowed to seize control of the judicial process by ignoring Court orders and to dictate the availability of critical information such as the addresses of witnesses. Therefore, I find that the sanction of dismissal of Parker's action with prejudice is appropriate here. Defendants' motions (Docs. 126, 144) will be granted, and Parker's Complaint (Doc. 1) will be dismissed.

4

**NOW** this   30th    day of June, 2010, upon review of Magistrate Judge Smyser's Report and Recommendation (Doc. 173), **IT IS HEREBY ORDERED** that:

(1) The Report and Recommendation (Doc. 173) is **ADOPTED**, and Plaintiff Florence Parker's objections (Doc. 179) are **OVERRULED**.

(2) Defendants' Motion for Sanctions (Doc. 126) and Motion to Impose Sanctions Pursuant to Fed. R. Civ. P. 37(c)(1) (Doc. 144) are **GRANTED**.

(3) Plaintiff's Complaint (Doc. 1) is **DISMISSED** with prejudice.

(4) The Clerk of Court shall mark this case as **CLOSED**.

      /s/ A. Richard Caputo
      A. Richard Caputo
      United States District Judge