# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FLORENCE R. PARKER,

    Plaintiff,

    v.

PENNSTAR BANK, *et al.*,

    Defendants.

CIVIL ACTION NO. 3:09-cv-0490

(JUDGE CAPUTO)

## **MEMORANDUM**

When parties to district court actions want to pursue their appeals *in forma pauperis*, Federal Rule of Appellate Procedure 24 requires that they submit an affidavit showing their inability to pay. In the present case, the plaintiff moves for *in forma pauperis* status but fails to meet the requirements of Rule 24. For this reason, the motion will be denied. Also before the Court is the defendants' motion to strike or deny the plaintiff's *in forma pauperis* application. Because the petitioner's motion will be denied, the defendants' motion will be granted.

## **BACKGROUND**

Pro se plaintiff Florence Parker is appealing the dismissal of her complaint. Ms. Parker filed with this Court what she purports to be a motion to appeal in *forma pauperis*.[1]

---

[1] As Pennstar noted, Ms. Parker's motion, styled as a motion for leave to appeal *in forma pauperis*, does not clearly state the relief she seeks. Instead, she submits three documents: the first purports to be a motion for leave to appeal *in forma pauperis* (Doc. 189), the next is an affidavit in support (Doc. 190), and the final document proclaims itself a motion for an order granting leave to proceed IFP and includes a draft order granting *in forma pauperis* status (Doc. 191). Ms. Parker's failure to submit a written motion clearly requesting *in forma pauperis* status runs afoul of local rule 7.1 as well as Federal Rule of Civil Procedure 7(b)(1), but given that courts construe pro se pleadings liberally, Doc. 189 is deemed to be a motion for leave to appeal *in forma pauperis*.

(Doc. 189.) She accompanied her motion with an affidavit describing her financial situation. (Doc. 190.) She noted that she is employed and earns $18.75 per hour, but has not worked or received a paycheck since June 9, 2010, due to lack of available work. (*Id.* At 3.) She stated that she owns a vehicle and real estate, estimated the value of her real estate, and noted that her grandson depends on her for support.

Defendants Pennstar Bank *et al.* (collectively "Pennstar") oppose her motion. (Doc. 193). Pennstar objects on two grounds: first, Ms. Parker fails to comply with court rules, and second, she is estopped from claiming she has not received pay because her bankruptcy filings state otherwise.

**ANALYSIS**

The Court will review Ms. Parker's motion to proceed *in forma pauperis* in accordance with Rule 24(a)(1) of the Federal Rules of Appellate Procedure. This rule requires that a party wishing to proceed *in forma pauperis* file a motion in the district court, with an affidavit that "(A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs; (B) claims an entitlement to redress; and (C) states the issues that the party intends to present on appeal." FED. R. APP. P. 24(a)(1).

Form 4 sets forth in great detail the financial situations of parties moving to proceed *in forma pauperis*. The parties must complete an extensive form detailing all sources of income. Additionally, they must give their employment history and their spouse's. All assets and their estimated values must be listed. Furthermore, all monthly family expenses must be carefully delineated.

Ms. Parker failed to describe her monthly expenses, her employment history, and the

value of any assets other than her real estate. Even construing her motion liberally in accordance with her pro se status, *see United States v. Miller*, 197 F.3d 644, 648 (3d Cir. 1999), the Court finds that Ms. Parker has not shown "in the detail prescribed by Form 4 of the Appendix of Forms [her] inability to pay" under Rule 24(a)(1)(A). Because Ms. Parker fails to meet this requirement, her motion to proceed *in forma pauperis* will be denied.

Because Ms. Parker fails to meet Rule 24's threshold requirements, the Court does not reach the issues raised by Pennstar's brief in opposition. Pennstar's motion to strike or deny Ms. Parker's motion will be granted.

## CONCLUSION

Ms. Parker's motion to proceed *in forma pauperis*, (Doc. 189), will be DENIED, and Pennstar's motion to strike or deny Ms. Parker's motion, (Doc. 193), will be GRANTED. An order to this effect follows.

September 10, 2010  /s/ A. Richard Caputo
Date  A. Richard Caputo
  United States District Judge

3

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

FLORENCE R. PARKER,

    Plaintiff,

    v.

PENNSTAR BANK, *et al.*,

    Defendants.

CIVIL ACTION NO. 3:09-cv-0490

(JUDGE CAPUTO)

## ORDER

**NOW**, this  10   day of September, 2010, **IT IS HEREBY ORDERED** that Plaintiff's application to appeal *in forma pauperis* (Doc. 189) is **DENIED**, and Defendants' motion to deny or strike (Doc. 193) is **GRANTED**.

                                        /s/ A. Richard Caputo  
                                        A. Richard Caputo  
                                        United States District Judge